## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

KEVIN SULLIVAN,

      Plaintiff,

vs.                                         CASE NO. 3:07-cv-197-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

_____

## ORDER AND OPINION

This matter is before the Court on Plaintiff's complaint (Doc. #1), seeking review of the final decision of the Commissioner of Social Security (the Commissioner) denying Plaintiff's claims for disability insurance benefits (DIB) and supplemental security income disability payments (SSI). Plaintiff filed a legal brief in opposition to the Commissioner's decision (Doc. #32, P's Brief). Defendant filed his brief in support of the decision to deny disability benefits (Doc. #33, D's Brief). The Commissioner has filed the transcript of the administrative proceedings (hereinafter referred to as "Tr." followed by the appropriate page number). Both parties have consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned by the Order of Reference dated January 3, 2008 (Doc. #24).

Upon review of the record, the Court found the issues raised by Plaintiff were fully briefed and concluded oral argument would not benefit the Court in making its determinations. Accordingly, the matter has been decided on the written record. For the reasons set out herein, the decision is **AFFIRMED**.

## PROCEDURAL HISTORY

Plaintiff protectively filed for disability insurance benefits on December 1, 1995, alleging he was disabled as of February 25, 1982 (Tr. 80-84). Subsequent to the filing of the DIB application, but prior to an administrative hearing, Plaintiff filed an application for supplemental security disability payments again alleging he was disabled as of February 25, 1982 (Tr. 522). The record reflects Plaintiff was insured for DIB through December 31, 1987 (Tr. 94, 600). In the Disability Report completed on December 7, 1995, Plaintiff alleged he was unable to work due to post traumatic epilepsy, post traumatic stress disorder, anxiety, a slipped disc, difficulty walking, depression, memory loss, blindness in the left eye, Bells Palsy, sleep disorder, hearing loss and difficulty walking (Tr. 105-10).

Plaintiff's claims were denied initially and on reconsideration. The SSI application was escalated to the administrative hearing level so that both claims could be heard at once before the same ALJ (Tr. 522).

A hearing was held on November 10, 1997 in Gainesville, Florida before Administrative Law Judge (ALJ) John D. Thompson, Jr. (Tr. 29-79). Plaintiff appeared and testified at the hearing, as did vocational expert (VE) Ronald J. Spitznagel. Plaintiff was represented at this administrative hearing by attorney Stephen Witt. Subsequently, on June 9 1998, ALJ Thompson issued an unfavorable decision. (Tr. 9-26). The Appeals Council denied review of the ALJ's decision (Tr. 4-5). Plaintiff filed a complaint in the district court, appealing the decision of the ALJ which had become the final decision of the Commissioner. On motion by the Commissioner, the Court remanded the case on July 5, 2001 under sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3) for the ALJ to further develop the record concerning Plaintiff's mental impairment, afford Plaintiff the opportunity

to testify at a new hearing and to present new evidence (Tr. 592-97).

After remand, a second hearing was held on October 21, 2003 in Gainesville, Florida before ALJ Thompson (Tr. 831-923). Plaintiff appeared and testified at the remand hearing, as did VE Frederick Collins. Plaintiff's new counsel of record, Mr. Albert Bacharach, Esq., represented Plaintiff during the remand hearing. Plaintiff's applications were denied again and the decision of the ALJ dated October 27, 2004 ultimately became the final decision of the Commissioner (Tr. 519-36). Plaintiff now seeks the Court's review of the ALJ's remand decision (Doc. #1). Mr. Bacharach remains Plaintiff's legal counsel.

## SOCIAL SECURITY ACT ELIGIBILITY
## AND THE STANDARD OF REVIEW

Plaintiff is entitled to disability benefits when he or she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less that 12 months. 20 C.F.R. §§ 404.1505, 416.905.[1] For purposes of determining whether a claimant is disabled, the law and regulations governing a claim for disability benefits are identical to those governing a claim for supplemental security income benefits. *Patterson v. Bowen*, 799 F.2d 1455, 1456, n. 1 (11th Cir. 1986). The Commissioner has established a five-step sequential evaluation process for determining whether Plaintiff is disabled and therefore entitled to benefits. *See* 20 C.F.R. §§ 404.1520, 416.920. Plaintiff bears the burden of persuasion through Step 4, while at Step 5, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

---

[1]Unless otherwise specified, all references to 20 C.F.R. will be to the 2008 edition.

The ALJ's decision dated October 27, 2004 denied Plaintiff's claims (Tr. 519-36). At Step 1, the ALJ found Plaintiff had initially stopped working in 1982 following a work-related injury, then after obtaining a college degree from Georgia Southern University, Plaintiff had worked as a manager-trainee at a local furniture store from February to October 1989 (Tr. 523-24). The ALJ then continued with the sequential evaluation process. ALJ Thompson found Plaintiff's date last insured for DIB to be December 31, 1987 (Tr. 523). At Step 2, the ALJ found Plaintiff had the current severe impairments of history of closed head injury, history of facial paralysis, history of seizure disorder (remote and controlled), history of medication non-compliance, history of corneal scar of the left eye, history of mild right-sided hearing loss, history of depression/adjustment disorder, and history of alcohol/drug abuse (Tr. 524). At Step 3, the ALJ found these impairments did not meet or equal, either singly or in combination with any other impairment, any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 524). The ALJ determined that Plaintiff retained the residual functional capacity (RFC) for his DIB claim to perform light work with the limitations that Plaintiff could occasionally bend, stoop, crouch, crawl, kneel and climb, but could not do any work requiring excellent bilateral visual acuity, nor could he work around or with dangerous machinery or in a noisy environment (Tr. 532). The ALJ found Plaintiff did not have any mental limitations regarding his DIB claim (Tr. 532). Regarding his SSI claim, the ALJ found Plaintiff retained the above noted RFC with the stated physical, visual and environmental limitations, plus the additional mental limitations of: (1) a fair ability to follow work rules, relate to coworkers and deal with the public, use judgment, interact with supervisors, deal with work stress, function independently, maintain personal appearance, behave in an emotionally stable manner,

relate predictably in social situations and maintain reliability; (2) a good ability to remember and carry out detailed but not complex job instructions; and (3), an unlimited ability to carry out simple, repetitive rote job instructions (Tr. 532). At Step 4, the ALJ determined that Plaintiff was able to perform the past relevant work of a furniture sales person as described in the Dictionary of Occupational Titles (DOT) for his DIB claim, and was thus not disabled prior to expiration of his date last insured (Tr. 532-33).[2] In consideration of the SSI claim, the ALJ proceeded to Step 5 and found that jobs existed in significant numbers in the national economy that Plaintiff could perform, considering his age, education, work experience and RFC for his SSI claim (Tr. 533). Thus, the ALJ determined Plaintiff was not disabled within the meaning of the Social Security Act (Tr. 23).

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of facts are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla - i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

---

[2]The references to "DOT" are short form citations to the United States Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991). The Commissioner has taken administrative notice of the reliability of job information provided in the DOT. *See* 20 C.F.R. §§ 404.1566(d), 416.966(d).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The Commissioner must apply the correct law and demonstrate that he has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the Court has not re-weighed the evidence, but has determined whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the Plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

As in all Social Security disability cases, Plaintiff bears the ultimate burden of proving disability, and is responsible for furnishing or identifying medical and other evidence regarding his impairments. *Bowen*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he [or she] furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require.") It is a plaintiff's burden to provide the relevant medical and other evidence that he or she believes will prove they suffer from disabling physical or mental functional limitations. 20 C.F.R. §§ 404.704, 404.1512, 416.912.

6

**ANALYSIS**

Plaintiff, who was born May 26, 1962, is now a forty-six year old male (Tr. 81). Plaintiff has a college education with a Bachelor of Arts degree in general business (Tr. 109, 768-771, 835, 868-70). Plaintiff's past relevant work includes that of a manager trainee with a furniture store (Tr. 109, 781-83, 859-62).

Plaintiff raises a single issue on appeal. Plaintiff asserts the ALJ erred by not posing hypothetical questions that were based on the substantial evidence of record (*see generally*, P's Brief). In this regard, Plaintiff argues the ALJ improperly "gave the consultative mental health examiner's Medical Assessment of Ability to Do Work-Related Activities limitations greater weight [than] the Mental Residual Functional Capacity Assessment limitations completed by [the Plaintiff's] treating [psychologist]." (P's Brief at 18.) Defendant responds that the ALJ properly considered the relevant evidence and properly performed his duty as the trier of fact in resolving any conflicts in the evidence (D's Brief at 11). On the facts of this case, the Court agrees with the Defendant.

**Medical Opinion Evidence**

The mental RFC assessment to which Plaintiff refers was completed by Plaintiff's treating psychologist, Dr. Emily Franck Hoon, Ph.D., on October 14, 2003 (Tr. 748-750). Dr. Hoon saw Plaintiff on four occasions from May to September 1997 (Tr. 491, 495). Dr. Hoon saw Plaintiff's former spouse, on Plaintiff's behalf, on one occasion during the same period (Tr. 491). Plaintiff did not see Dr. Hoon again until January 27, 2003, when Plaintiff went by Dr. Hoon's office to update her on the status of his cases and to obtain copies of his records (Tr. 744-47). On July 17, 2003, Plaintiff was referred by his workman's

compensation carrier to Dr. Hoon for a single session evaluation (Tr. 735-43).

Plaintiff correctly states that the law of the Eleventh Circuit is very clear that a treating physician's testimony must be given substantial or considerable weight unless good cause is shown to the contrary. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)*; Edwards v. Sullivan*, 937 F.2d at 583. If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). In fact, a close reading of the Regulations reveals such deferential treatment may be given to any acceptable treating source. More specifically, the Commissioner states:

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight.

20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

In this case, Plaintiff asserts error in the ALJ's consideration of the medical opinion of a treating psychologist. The Court takes notice that a licensed or certified psychologist is an acceptable medical source under the Commissioner's applicable Regulations. *See* 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). Thus, Dr. Hoon's expressed medical opinion

of Plaintiff's limitations is entitled to the same consideration that would be given a treating physician's opinion.

However, as noted *supra*, the ALJ may discount a treating source opinion if good cause exists to do so. Within this circuit, "good cause" may be found when the: (1) treating physician's opinion is not bolstered by the evidence; (2) evidence supports a contrary finding; <u>or</u> (3) treating physician's opinion is conclusory or inconsistent with the doctor's own medical records. *Phillips v. Barnhart* 357 F.3d 1232, 1240-41 (11th Cir. 2004) (emphasis added). In this case, good cause existed for the ALJ to give lesser weight to Dr. Hoon's opinion than that given to the opinions of examining psychiatrist Dr. Richard A. Greer (Tr. 681-84), examining neurologist Dr. Ivan Lopez (Tr. 703-05), and examining psychologist Dr. Russell Clifton, Jr. (Tr. 708-17). *See* Tr. 524, ALJ Decision*; see also, Crawford v. Comm'r of Social Security*, 363 F.3d 1155 (11th Cir. 2004) (finding the opinions of consulting physicians were entitled to greater weight than the opinions of treating physicians that were inconsistent, contradicted by other findings and detailed only short-lived problems).

Here, Dr. Hoon treated Plaintiff for his claimed mental conditions during a five month period in 1997, and saw Plaintiff again for a single session in July 2003. She subsequently completed a Mental Residual Functional Capacity Assessment, on which she indicated Plaintiff had extreme limitations of functioning in: (1) the ability to remember locations and work-like procedures; (2) the ability to understand and remember detailed instructions; (3) the ability to carry out detailed instructions; (4) the ability to sustain an ordinary routine without special supervision; (5) the ability to work in coordination with or proximity to others without being distracted by them; (6) the ability to complete a normal workday and

workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; (7) the ability to interact appropriately with the general public; (8) the ability to accept instructions and respond appropriately to criticism from supervisors; (9) the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes; (10) the ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness; (11) the ability to respond appropriately to changes in the work setting; (12) the ability to travel in unfamiliar places or use public transportation; and, (13) the ability to set realistic goals or make plans independently of others (Tr. 748-50).

These unusually severe limitations are inconsistent with Dr. Hoon's internal records that were provided and with the other medical evidence of record. As noted above, Plaintiff sought treatment with Dr. Hoon on four occasions in 1997, reportedly for his self-diagnosed anger, depression and stress (Tr. 491). There are no treatment notes in the record for these 1997 visits. After a gap in treatment and/or counseling sessions of approximately six years, Plaintiff saw Dr. Hoon for a single evaluative session in July 2003 (Tr. 735-38). From that session, Dr. Hoon noted,

> Mr. Sullivan has many strengths which are currently underutilized except he acts as an advocate on his own behalf. He is verbally fluent, energetic, and has the ability to focus except when overwhelmed with anxiety. Currently he is handicapped by his isolation and lack of transportation. He could benefit from psychotherapy to handle his anxiety better and to redirect his focus and energies to utilizing his intellectual strengths. He would also need the means to obtain anti-seizure and anti-depressant medication and transportation to make such efforts worthwhile. Vocational counseling would be helpful if he had a start-up income to solve his transportation problems. There are no employment possibilities near his home.

(Tr. 738.)  As background information, Dr. Hoon also recorded that Plaintiff now lives by himself on the river and he has been compromised in his job seeking behavior by his rural location and lack of transportation (Tr. 736).  She also found Plaintiff to be "as usual, very polite and forthcoming" (Tr. 737).  Dr. Hoon diagnosed Plaintiff with major clinical depression-recurrent-moderate and post-traumatic stress disorder-chronic (Tr. 737) causally related to his 1982 life threatening accident (Tr. 735-37).

In November 1997, Dr. Hoon wrote a letter to Plaintiff's attorney that reportedly documented her observations of the psychological impact the February 25,1982 accident had on Plaintiff (Tr. 491-94).[3]  Dr. Hoon observed Plaintiff to be well oriented with a pleasant manner and coherent speech, but also noted he smelled of alcohol at the initial session and admitted to heavy drinking (Tr. 492-93).  Plaintiff's predominant expression was of anger at his circumstances in which he felt victimized and entitled to far more assistance from those responsible for the accident than he had received (Tr. 493).  She diagnosed major clinical depression-recurrent-moderate, alcohol dependence, and post-traumatic stress disorder (PTSD) (Tr. 493).

ALJ Thompson correctly noted that contrary to Dr. Hoon's diagnosis of PTSD, two examining physicians did not find Plaintiff had this condition (Tr. 525).  The ALJ also correctly noted that on or before Plaintiff's date last insured for DIB, the medical evidence fails to establish any complaints of or treatment for a mental impairment, and that the

_____

[3]According to Plaintiff's testimony, he was working on a shrimping vessel for the State of Georgia Department of Natural Resources, under a federally funded program called the Youth Adult Conservation Board, when the tension on the ropes of the drag nets going through the pulleys broke and a pulley fell hitting Plaintiff with full force on the top of his head (Tr. 834-42).  The resulting injuries were life threatening (Tr. 839).

extensive consulting examination of clinical psychologist Dr. William A. Dickinson, Ph.D., on August 18, 1986 found Plaintiff with no neuropsychological deficits, a high average to superior intelligence and emotional stability (Tr. 524, 201-209).

Dr. Greer, a psychiatrist, examined Plaintiff in July 1998 and found Plaintiff to be appropriately dressed and groomed, to have euthymic affect within normal range, to have intact memory, intact frontal lobe functions and abstract thinking (Tr. 683). Plaintiff's concentration and attention were deemed to be good throughout the examination and his insight and judgment assessed as fair (Tr. 683). Dr. Greer found there was insufficient evidence to establish the existence of PTSD and concluded Plaintiff did not have any psychiatric restrictions (Tr. 683-84). Dr. Greer diagnosed adjustment disorder-chronic (Tr. 683).

Dr. Lopez, a neurologist, examined Plaintiff on September 20, 1999 (Tr. 703-05). Regarding Plaintiff's mental condition, Dr. Lopez found Plaintiff had clear speech, was oriented and coherent, had good insight, was able to differentiate right from left and follow instructions, and had adequate memory in all three spheres (Tr. 703).

Plaintiff presented to Dr. Clifton, a psychologist, for a psychological evaluation on October 28, 2002 (Tr. 708-15). Dr. Clifton subsequently completed a fill-in-the blank "supplemental questionnaire" entitled Medical Assessment of Ability to Do Work-Related Activities (Mental) on November 25, 2002 (Tr. 716-17). On the supplemental questionnaire, Dr. Clifton marked that Plaintiff had a fair ability to follow work rules, use judgment, interact with supervisors, function independently, understand, remember and carry out complex instructions, maintain personal appearance, relate predictably in social situations and demonstrate reliability (Tr. 716-17). Dr. Clifton marked that Plaintiff had a

poor ability to behave in an emotionally stable manner, relate to coworkers, deal with the public, deal with work stress, and maintain attention and concentration (Tr. 716-17). In his commentary report on the results of the psychological evaluation consult, Dr. Clifton remarked

> Mr. Sullivan's interpersonal style seems best characterized as pragmatic and independent. He may tend to view relationships as a means to an end, rather than as a source of satisfaction. He is not likely to be perceived by others as a warm and friendly person, although he is not necessarily lacking in social skills and he can be reasonably effective in social interactions.

(Tr. 714.)

While the Court finds it unnecessary to discuss each and every piece of mental health evidence, the Court does note that contrary to Plaintiff's assertions, the ALJ's decision reveals he conducted a thorough analysis of the medical evidence of record (*see* Tr. 532-32), and weighed the evidence in accordance with correct legal standards. Accordingly, the undersigned finds ALJ properly discredited Dr. Hoon's mental RFC for Plaintiff and further finds substantial evidence supports the weight the ALJ gave to the other medical opinions in the record.

## Hypothetical Questions

Plaintiff asserts the hypothetical questions posited to the vocational expert by the ALJ were incomplete and not fully descriptive. Plaintiff claims that the ALJ "played doctor by posing several limitations he made up on his own" and by basing his questions on several limitations assigned by consultative doctors (P's Brief at 20). In support of his position, Plaintiff argues that when Plaintiff's counsel included Dr. Hoon's mental RFC limitations in a hypothetical to the VE, the VE responded such a person would be unable

to perform substantial gainful activity (P's Brief at 20).

It is well established in the Eleventh Circuit that when a vocational expert is utilized at the fifth step in the sequential evaluation process, the hypothetical questions posed must include all impairments of the particular claimant/plaintiff. *Pendley v. Heckler*, 767 F.2d 1561, 1562 (11th Cir. 1985). As discussed above, the Court has found the ALJ properly evaluated the medical evidence and Plaintiff's testimony and accorded proper weight to the objective and subjective evidence of record. More specifically, the ALJ properly gave less weight to the mental RFC assessed by Dr. Hoon, and thus did not need to include her unsupported limitations in the hypothetical question. The ALJ's RFC assessment is based on substantial evidence. Thus, the Court must determine whether the ALJ failed to include any limitations resulting from Plaintiff's severe impairments in the hypotheticals posed to the vocational expert (VE), and if so, whether such failure constitutes grounds for reversal.

In this case, the ALJ posited a hypothetical question to the VE, the particulars of which are too lengthy to repeat here, but a careful reading of the transcript reveals that Plaintiff's impairments and the resulting limitations on his ability to work were included in the descriptions given to the VE (*see* Tr. 911-16). Plaintiff's mental and physical impairments were accounted for in the hypothetical question and the residual functional capacity assessment. The stated limitations of a fair ability to relate to coworkers and deal with the public, a fair ability function independently and maintain concentration, and a fair ability to maintain personal appearance, behave in an emotionally stable manner and relate predictably in social situations, arise out of Plaintiff's mental impairments. The ALJ was not required to include any limitations offered by Plaintiff's counsel or Plaintiff's medical sources that were not supported by substantial evidence and/or were properly discounted.

14

*See McSwain v. Bowen*, 814 F.2d 617 (11th Cir. 1987).

The VE testified that with the stated limitations, the individual would be unable to return to Plaintiff's past relevant work as those jobs are performed in the labor market (Tr. 914-15). Upon clarification, the VE stated the individual would be able to perform the past job of furniture salesperson as denoted by the DOT, but not as the job is actually performed in the labor market, based on the VE's experience (Tr. 914-15). Thereafter, the VE identified several other jobs that an individual with such limitations could perform.

The VE's testimony provided substantial evidence to support the ALJ's conclusion that Plaintiff could perform other work and was not disabled within the meaning of the Social Security Act. Although Plaintiff's representative attempted to distinguish the jobs cited by the VE from Plaintiff's limitations, Plaintiff failed to prove that he could not perform the jobs cited by the VE and the ALJ (*see* Tr. 916-22); *Jones v. Apfel*, 190 F.3d 1224, 1228 (holding that a claimant must prove that he is unable to perform the jobs listed by the Commissioner).

**CONCLUSION**

Review of the record as a whole reveals substantial evidence supports the ALJ's finding of non-disability. Accordingly, for the reasons stated herein, the decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of the Court is directed to enter judgment consistent with this ruling and, thereafter, to close the file. Each party shall bear its own fees and costs.

**DONE AND ORDERED** at Jacksonville, Florida this 4<u>th</u> day of March, 2009.

Copies to:
Counsel of Record

_Thomas E. Morris_
**THOMAS E. MORRIS**
United States Magistrate Judge